IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CIVIL ACTION** |
| **EX REL WAYNE O. AULTMAN, II** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **MATT HOLM, WARDEN** | : | **NO. 08-cv-1494** |

**MEMORANDUM AND ORDER**

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. In the context of a prisoner in state custody, if such a writ of habeas corpus is issued by a federal court, the prisoner will be released from this state custody on the grounds that certain rights accruing to that prisoner pursuant to the United States Constitution[1] have been violated; habeas corpus motions pursuant to AEDPA are the ***only*** possible means of obtaining this type of relief from state custody.[2]

In cases involving prisoners in state custody, AEDPA, if it applies at all, provides for only two types of relief: by means of 28 U.S.C. §2254 (in some factual situations);

---

[1] For the purpose of brevity, we will use the term "Constitutional" to refer not only to attacks based on alleged violations of the U.S. Constitution, but also to attacks based on any asserted federal collateral grounds for relief from custody, such as alleged violations of federal statutes and treaties involving the United States, or an alleged lack of jurisdiction by the sentencing court.

[2] Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

or, by means of 28 U.S.C. §2241 (in other factual situations).  Relief pursuant to 28 U.S.C. §2254 is applies in cases involving a petitioner who is **_in custody_**[3] who makes a **_constitutional_**[4] attack on the imposition, **_and/or_** the execution,[5] of a state conviction and/or a state sentence, which may only be filed after the state conviction has been imposed.[6]

Because in federal jurisprudence, a more specific statute takes precedence over a more general statute, and because §2254 is more specific than §2241, a state prisoner may only rely on §2241 if the matter does not fall under §2254.[7]  A grant of relief pursuant to 28 U.S.C. §2241 in cases involving state custody is therefore limited

---

[3]Spencer v. Kemna, 523 U.S. 1 (1998).

[4]Where there is an attack on state custody which does not involve a Constitutional argument, there is no right to habeas corpus relief, and, assuming that petitioner's appeals in state court are exhausted, the proper remedy lies in filing a petition with the state's Governor seeking executive clemency.  Herrera v. Collins, 506 F.3d 390 (1993). Although Herrera is a pre-AEDPA case, it remains valid law after the enactment of AEDPA.  Ruiz v. USA, 221 F.Supp. 2d 66 (D.Mass. 2002), aff'd, 339 F.3d 39 (1st Cir. 2003).

[5]Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

[6]Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

[7]Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

to cases involving a petitioner who is **_in custody_**[8] who makes a **_constitutional_**[9] attack on that custody before the imposition of the state conviction.

On March 27, 2008, petitioner filed a petition in this court, labeled 08-cv-1494 by the Clerk of this Court, purportedly seeking Habeas Corpus relief pursuant to 28 U.S.C. §2241.  It is utterly impossible for this court to determine, based on what petitioner has submitted:

I. whether he is currently in custody in Pennsylvania;

II. whether he has been convicted in the Pennsylvania state court system, or

III. whether he is being held pending trial in Pennsylvania.

It is therefore impossible for this court to determine whether the instant petition is best characterized as a §2241 petition or as a §2255 petition.

Accordingly, this                                      Day of April, 2008, it is hereby

**ORDERED** as follows:

1. Petitioner is granted leave to proceed in forma pauperis in this matter for all purposes.

2. The Clerk of Court shall furnish petitioner with a blank copy of this court's current standard form for filing a petition pursuant to 28 U.S.C. §2254.

3. Petitioner shall notify this court within thirty (30) days:
   I. whether he is currently in custody in Pennsylvania;

---

[8] Spencer v. Kemna, 523 U.S. 1 (1998).

[9] Where there is an attack on state custody which does not involve a Constitutional argument, there is no right to habeas corpus relief, and, assuming that petitioner's appeals in state court are exhausted, the proper remedy lies in filing a petition with the state's Governor seeking executive clemency.  Herrera v. Collins, 506 F.3d 390 (1993). Although Herrera is a pre-AEDPA case, it remains valid law after the enactment of AEDPA.  Ruiz v. USA, 221 F.Supp. 2d 66 (D.Mass. 2002), aff'd, 339 F.3d 39 (1st Cir. 2003).

        II.      whether he has been convicted in the Pennsylvania state court system, or

        III.     whether he is being held pending trial in Pennsylvania.

4. Petitioner shall notify this court within thirty (30) days whether he wants 08-cv-1494 characterized as a 28 U.S.C. §2241 petition or as a 28 U.S.C. §2254 petition, and that if he wishes it to be characterized as a 28 U.S.C. §2254 petition, he shall complete the enclosed 28 U.S.C. §2254 form and return it to this court.

5. Petitioner is formally placed on notice that if he does not respond to this Order within thirty (30) days, that 08-cv-1494 shall remain characterized as a 28 U.S.C. §2241 petition, and shall be dismissed without prejudice on grounds of vagueness.

           **S/ J. CURTIS JOYNER**
           **J. CURTIS JOYNER, U.S. District Judge**