IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION |
| EX REL WAYNE O. AULTMAN, II | : | |
| | : | |
| v. | : | |
| | : | |
| MATT HOLM, WARDEN | : | NO. 08-1494 |

**MEMORANDUM/ORDER**

Petitioner, Wayne O. Aultman, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  Before the Court is Aultman's Motion for Appointment of Counsel (Doc. No. 3) and a "Request for Order Directing the United States Marshals [Service] to Make Service of Subpoenas" (Doc. No. 9).

"There is no constitutional right to counsel in a federal habeas corpus proceeding." Watson v. United States, 1997 WL 667152, at *4 (E.D. Pa. Oct. 3, 1997) (citing Reese v. Fulcomer, 946 F.2d 247, 264 (3d Cir. 1991), cert. denied, 503 U.S. 988 (1992)).  In federal habeas cases brought by prisoners challenging state custody, "counsel is ordinarily appointed only where there is an evidentiary hearing, see Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, unless 'justice so requires.'"  See Lambert v. Frank, 2000 WL 1022977, at *3 (E.D. Pa. July 18, 2000) (quoting 18 U.S.C. § 3006A) (Pollak, J.); see also 28 U.S.C. foll. § 2254, Rule 8(c).[1]  Here, a review of petitioner's submissions does not reflect an inability on the part of petitioner to understand the issues and address them in a

---

[1] Rule 8(c) is applicable to § 2241 cases pursuant to Rule 1(b) of the habeas rules.  See 28 U.S.C. foll. § 2254, Rule 1(b); Gorko v. Holt, 2005 WL 1138479, at *1 (M.D. Pa. May 13, 2005), aff'd, 143 Fed. Appx. 495 (3d Cir. 2005); Howard v. Certain Unnamed Aircraft Pilots, 1995 WL 431150, *2 n.1 (N.D. Ill. July 18, 1995).

coherent manner.  See, e.g., Reese, 946 F.2d at 264; Watson, 1997 WL 667152, at *5.  Furthermore, for the reasons explained in my Report and Recommendation filed this same date, this case should be dismissed without prejudice, and an evidentiary hearing is not warranted.  See Lambert, 2000 WL 1022977, at *3 (citing 28 U.S.C. foll. § 2254, Rule 8(c)).  Since justice does not require the appointment of counsel in this case, the request for counsel is denied.  See Lambert, 2000 WL 1022977, at *3; see also Reese, 946 F.2d at 264; Watson, 1997 WL 667152, at *5.

Petitioner's remaining motion (Doc. No. 9) appears to be a request for leave to conduct discovery.  Rule 6 of the habeas rules gives a Court discretion to authorize a party to conduct discovery "for good cause" shown.  See 28 U.S.C. foll. § 2254, Rule 6(a).[2]  Thus, discovery is available in habeas proceedings not as a matter of course, but only if the habeas petitioner shows "good cause."  Abu-Jamal v. Horn, 2001 WL 1609690, at *14 (E.D. Pa. Dec. 18, 2001), aff'd, 520 F.3d 272 (3d Cir. 2008); see also id. at *15 ("the enactment of AEDPA served to limit the availability of discovery to a federal habeas petitioner in many respects").  Here, among other things, Aultman has failed to show good cause for granting his request for leave to conduct discovery.  Furthermore, for the reasons explained in my Report and Recommendation filed this same date, this case should be dismissed without prejudice, and authorizing petitioner to conduct discovery is not warranted.

Accordingly, **AND NOW**, this 28th day of August, 2008, upon consideration of petitioner's Motion for Appointment of Counsel (Doc. No. 3) and "Request for Order Directing

---

[2]Rule 6(a) is applicable to § 2241 petitions pursuant to Rule 1(b) of the habeas rules.  See 28 U.S.C. foll. § 2254, Rule 1(b); see also supra note 1.

the United States Marshals [Service] to Make Service of Subpoenas" (Doc. No. 9) ("request for discovery"), **IT IS HEREBY ORDERED** that petitioner's motions are **DENIED**.


BY THE COURT:


    /s/ L. Felipe Restrepo
L. FELIPE RESTREPO
UNITED STATES MAGISTRATE JUDGE