**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA EX REL WAYNE O. AULTMAN, II** | : | **CIVIL ACTION** |
| **v.** | : | |
| **MATT HOLM, WARDEN** | : | **NO. 08-1494** |

**REPORT AND RECOMMENDATION**

**L. FELIPE RESTREPO**
**UNITED STATES MAGISTRATE JUDGE**

**AUGUST 28, 2008**

Before the Court is a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 by Wayne O. Aultman, II. Petitioner states that he is confined at the George W. Hill Correctional Facility in Delaware County, Pennsylvania awaiting trial to be held in the Court of Common Pleas of Delaware County. See Petr.'s Addendum to Hab. Pet. (Doc. No. 4) at 2, 4. For the reasons which follow, Aultman's habeas petition should be dismissed without prejudice.

**PROCEDURAL HISTORY**

The parties appear to agree that on September 6, 2007, as Aultman was being released from the Dorchester Detention Center in South Carolina,[1] he was arrested by Dorchester, South Carolina police on a fugitive warrant based on information obtained after a National Crime Information Computer (NCIC) check had been performed. See Hab. Pet. (Doc. No. 1) at 1;

---

[1]Aultman states that he had been previously arrested on June 11, 2007 and sentenced to six (6) years confinement "suspended to [three (3)] years probation." See Hab. Pet. at 4. He further alleges that he had been "held on an outstanding warrant in South Carolina until September 6, 2007 at which point petitioner received [sic] 'time served.'" Id.

Respondent's Br. at 1.  An arrest warrant from Delaware County, Pennsylvania was faxed in September 2007 to Dorchester County, and Aultman was detained until Pennsylvania authorities arrived.  See Hab. Pet. at 2; Respondent's Br. at 1.

On October 3, 2007, petitioner was brought to Pennsylvania from South Carolina by the Pennsylvania authorities, see Addendum to Hab. Pet. at 2; Respondent's Br. at 2, and he was arraigned.  Id. at 2; see also Del. County Common Pleas Ct. Dckt. at 5.  The state court docket reflects that Aultman has been charged with a failure to comply with registration of sexual offenders requirements and a failure to verify his address or be photographed as required.[2]

The state court docket further reflects that petitioner was represented by counsel, who the District Attorney of Delaware County ("respondent") indicates was a public defender who subsequently "moved to withdraw, as a civil rights suit was filed by petitioner against the Public Defenders Office, and moved for the appointment of 'conflict' counsel."  See Respondent's Br. at 2.  Respondent represents that on March 24, 2008 a hearing was held on the motion to withdraw representation as well as on a motion of petitioner to proceed pro se, but the motion to proceed pro se was denied and petitioner was appointed "conflict" counsel.  Id. at 2; see also Common Pleas Ct. Dckt. at 4.  Respondent further represents that petitioner had "'conflict' counsel . . . removed, and after a wavier of counsel colloquy, July 15, 2008, the court has permitted him to proceed pro se."  See Respondent's Br. at 2.

Aultman acknowledges that he filed a habeas petition raising his federal habeas claims in

---

[2]According to Aultman, he was convicted in 1987 of "various sex crimes and sentenced to a term of incarceration of six (6) to twelve (12) years."  See Addendum to Hab. Pet. at 5.  He alleges that he subsequently was released from confinement on or about Feb. 19, 1999, his "maximum sentence release date."  Id.  Petitioner acknowledges that, as a convicted sex offender, he was then obligated to satisfy the registration requirements under Pennsylvania law.  Id.

the Court of Common Pleas of Delaware County. See Hab. Pet. (Doc. No. 1) at 5. Although it appears that Aultman attempted or is attempting to file petitions or appeals in the Superior Court and the Commonwealth Court of Pennsylvania,[3] at the July 15, 2008 hearing in the Court of Common Pleas, the Common Pleas Court indicated that Aultman's state habeas petition and Motion to Dismiss were still pending in that Court.[4]

The Clerk of this Court received Aultman's § 2241 petition on March 27, 2008. The habeas petition challenges Aultman's arrest and transfer to Pennsylvania, as well as the underlying charges against him. In opposition to the habeas petition, respondent argues that petitioner's claims are unexhausted and without merit. See Respondent's Br. at 18.

**Discussion**

Title 28 U.S.C. § 2254 "applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.'" Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987) (quoting § 2254), cert. denied, 484 U.S. 956 (1987). A challenge to state custody while a petitioner is awaiting trial rather than being held pursuant to a state judgment is properly filed under § 2241 since a conviction or sentence is not at issue. See 28 U.S.C. § 2241(c); Stringer v. Williams, 161 F.3d 259, 262 (5th Cir. 1998) (quoting Dickerson,

---

[3]Indeed, the Commonwealth Court's docket reflects that the Commonwealth Court "transfer[red]" Aultman's Petition for Review back to the Court of Common Pleas of Delaware County in March of 2008.

[4]This Court confirmed this by telephone conversation on Aug. 6, 2008 with the Chambers of the Honorable Ann Osborne of the Delaware County Court of Common Pleas. It was further confirmed that, following a colloquy, Aultman has been permitted to proceed pro se with Thomas Dreyer, Esq. as stand-by counsel.

816 F.2d at 224) ("[p]retrial petitions are properly brought under § 2241"); Woods/Hall v. Pennsylvania, 2007 WL 4190693, at *1 n.1 (E.D. Pa. Nov. 21, 2007); see also Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484 (1973); Moore v. DeYoung, 515 F.2d 437, 442 (3d Cir. 1975). Therefore, in that Aultman seeks release from custody by challenging his pretrial detention, he has properly filed his petition under § 2241.

"It is axiomatic that a federal habeas court may not grant a petition for a writ of habeas corpus unless the petitioner has first exhausted the remedies available in the state courts." Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (citing 28 U.S.C. § 2254(b)(1)(A)), cert. denied, 532 U.S. 919 (2001); Toulson v. Beyer, 987 F.2d 984, 986 (3d Cir. 1993). In order for a federal habeas petitioner to satisfy the exhaustion requirement, he "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999); see Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001), cert. denied, 535 U.S. 957 (2002).

The habeas petitioner bears the burden of proving all facts entitling him to a discharge from custody as well as demonstrating that he has met all procedural requisites entitling him to relief. Brown v. Cuyler, 669 F.2d 155, 157 (3d Cir. 1982). Thus, the petitioner carries the burden of proving exhaustion of all available state remedies. Lambert, 134 F.3d at 513; Toulson, 987 F.2d at 987. Although the exhaustion rule is a matter of comity and not jurisdiction, it "should be **strictly** adhered to because it expresses respect for our dual judicial system." Caswell v. Ryan, 953 F.2d 853, 857 (3d Cir. 1992) (quoting Landano v. Rafferty, 897 F.2d 661, 668 (3d Cir. 1990)) (emphasis added), cert. denied, 504 U.S. 944 (1992); see Burkett v. Love, 89 F.3d

135, 137 (3d Cir. 1996) ("Pursuing state remedies is not a mere formality").

Title 28 U.S.C. § 2254(c) expressly provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the state, within the meaning of this section, if he has the right under the law of the state to raise, by any available procedure, the question presented." Moreover, in Parker v. Kelchner, 429 F.3d 58 (3d Cir. 2005), the Third Circuit announced that "likely futility on the merits . . . in state court of a petitioner's habeas claim does not render that claim 'exhausted' . . . so as to excuse the petitioner's failure to exhaust that claim." Id. at 64; see Long v. Pa. Bd. of Probat'n and Parole, 227 Fed. Appx. 190, 191 (3d Cir. 2007). The Court reasoned that "[a]llowing petitioners to bypass state court merely because they believe that their constitutional claims would have failed there on the merits would fly in the face of comity and would deprive state courts of [a] critical opportunity to examine and refine their constitutional jurisprudence." Parker, 429 F.3d at 64; see Long, 227 Fed. Appx. at 191-92. In the event that a federal court determines that there exists any possibility of state court review, the petition should be dismissed without prejudice. See Banks v. Horn, 126 F.3d 206, 213 (3d Cir. 1997); Doctor v. Walters, 96 F.3d 675, 681 (3d Cir. 1996); Toulson, 987 F.2d at 987.

In this case, Aultman has filed a state habeas petition and a Motion to Dismiss which was acknowledged at the July 15, 2008 hearing. See supra note 4. Of course, once the trial court rules on Aultman's habeas petition, he may file a proper appeal in the Pennsylvania courts. Since Aultman has failed to demonstrate that he has properly exhausted each of his habeas claims and that state court review of his claims is unavailable, and in that it appears that he has a habeas petition pending in the Pennsylvania courts, his federal habeas petition should be dismissed without prejudice. See Banks, 126 F.3d at 213; Doctor, 96 F.3d at 681; Toulson, 987 F.2d at

987.

Furthermore, adequate state court review also appears to be available to Aultman "at trial and thereafter, on appellate review." See Moore, 515 F.2d at 445; see also Woods/Hall, 2007 WL 4190693, at *3. Therefore, among other things, "because the normal appellate process available post-trial is sufficient to protect his federal rights, [petitioner] cannot establish that a return to state court would be futile because of an absence of available state corrective process." Woods/Hall, 2007 WL 4190693, at *3 (citing Lines v. Larkins, 208 F.3d 153, 162 (3d Cir. 2000)); see also Paladino, 2008 WL 1820666, at *5. Indeed, a trial may provide the relief herein sought.

The Supreme Court has stated that "federal habeas corpus does not lie, absent '**special circumstances**' to adjudicate the merits of an affirmative defense to a state criminal charge **prior** to a judgment of conviction by a state court." Braden, 410 U.S. at 489 (citing Ex parte Royall, 117 U.S. 241, 253 (1886)) (emphases added); see Paladino v. King, 2008 WL 1820666, at *3 (E.D. Pa. Apr. 22, 2008); Woods/Hall, 2007 WL 4190693, at *1 (citing Braden, 410 U.S. at 489-91). This principle is grounded on the need for deference and respect for state government in our federal system and seeks to preserve the "delicate and important balance between vigorous protection of federal rights and an appropriate respect for the state conduct of state matters." In re: Justices of the Super. Ct. Dep't of Mass. Trial Ct., 218 F.3d 11, 19 (1st Cir. 2000) (citing Younger v. Harris, 401 U.S. 37, 44 (1971)); Woods/Hall, 2007 WL 4190693, at *1.

Thus, the need for federal restraint is heightened in cases involving pending state criminal proceedings. See Evans v. Ct. of Common Pleas, Del. County, Pa., 959 F.2d 1227, 1234 (3d Cir. 1992) (citing Younger, 401 U.S. at 44); Dickerson, 816 F.2d at 224-25; Woods/Hall, 2007 WL

4190693, at *2.  Federal courts may not serve as a "pretrial motion forum for state prisoners." Moore, 515 F.2d at 445 (quoting Braden, 410 U.S. at 493); Woods/Hall, 2007 WL 4190693, at *2.  Therefore, absent "extraordinary circumstances," the Court should "exercise its 'pretrial' habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies."  See Moore, 515 F.2d at 443 (citing Braden); see also Paladino, 2008 WL 1820666, at *3; Woods/Hall, 2007 WL 4190693, at *2 n.4 (proper "exhaustion in state court of pre-trial claims raised in a § 2241 habeas petition is judicially mandated."); Pero v. Duffy, 2006 WL 1804573, at *6 n.2 (D. N.J. June 27, 2006).

      Here, in that Aultman fails to show that a remedy on his federal habeas claims is not available in the Pennsylvania courts, federal court intervention at this time would be premature and unwarranted.  See Woods/Hall, 2007 WL 4190693, at *3 (citing Lambert, 134 F.3d at 513) ("exhaustion requirement does not foreclose federal relief, but merely postpones it").  Aultman does not show any "extraordinary circumstances" warranting "pretrial, pre-exhaustion habeas corpus relief" in the midst of his ongoing state court proceedings.  See Lambert, 134 F.3d at 517 (quoting Moore, 515 F.2d at 447 n.12); see also In re Justices, 218 F.3d at 17-19; Woods/Hall, 2007 WL 4190693, at *3; see, e.g., Dickerson, 816 F.2d at 228-29 (where five year delay in bringing the petitioner to trial did not present the required showing of special circumstances for pretrial habeas review); see also United States ex rel. Scranton v. New York, 532 F.2d 292 (2d Cir. 1976) ("irreparable injury" not shown where trial was continued fifty times over five years). The Pennsylvania courts are the proper forum for initially addressing any cognizable habeas

claims raised in this petition. Accordingly, the petition should be dismissed without prejudice.[5] See Paladino, 2008 WL 1820666, at *3; Woods/Hall, 2007 WL 4190693, at *1, 5.

Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit, at the time a final order denying a habeas petition is issued, the district judge is required to make a determination as to whether a certificate of appealability ("COA") should issue. When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a COA may not issue unless the prisoner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; **and** (2) whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 123 S. Ct. 1029, 1046 (2003) (Scalia, J., concurring).

In this case, for the reasons set forth above, a reasonable jurist could not conclude that the Court would be incorrect in dismissing the petition without prejudice. See Slack, 529 U.S. at 484. Accordingly, a COA should not issue.

My Recommendation follows.

---

[5]It is noted that should Aultman be tried or convicted while his federal habeas petition challenging his **pretrial** detention is still pending, it would appear that his § 2241 petition would become moot. See Thorne v. Warden, Brooklyn House of Detention, 479 F.2d 297, 299 (2d Cir. 1973) (dismissing as moot § 2241 petition challenging pretrial detention since petitioner had been convicted); Slutzker v. Wilson, 2007 WL 1007523, at *2 (W.D. Pa. Mar. 29, 2007) (habeas petition seeking pretrial release from custody was dismissed as moot in light of the fact that he was "no longer being incarcerated pre-trial, but has now been convicted and sentenced with life in prison"); Padilla v. Brewington-Carr, 2002 WL 100572, at *2 (D. Del. Jan. 22, 2002) (§ 2241 petition challenging pretrial detention became moot once petitioner pled guilty, since the alleged unlawful pretrial detention of which he complained had ceased).

**RECOMMENDATION**

**AND NOW**, this 28th day of August, 2008, upon consideration of the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, and respondent's opposition thereto, for the reasons set forth in the accompanying Report, it is hereby **RECOMMENDED** that petitioner's habeas petition be **DISMISSED**, without prejudice, and that a certificate of appealability should not issue.[6]

/s/ L. Felipe Restrepo
L. FELIPE RESTREPO
UNITED STATES MAGISTRATE JUDGE

[6]Petitioner is advised that objections to this Report and Recommendation may be filed. See Local R. Civ. P. 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.